UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LLOYD DYLAN JONES,

Plaintiff,

v.

PLACER COUNTY SHERIFF'S OFFICE, et al.,

Defendants.

No. 2:19-cv-0342-MCE-EFB P

ORDER

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The court dismissed his complaints with leave to amend because plaintiff had attempted to present his claims in two different filings. ECF No. 12. The court also indicated to plaintiff that he had improperly joined unrelated claims. *Id.* Plaintiff then filed a second amended complaint and a third amended complaint. ECF Nos. 15, 19. The action thus proceeds on plaintiff's most recent complaint, which is before the court for screening under 28 U.S.C. § 1915A.

### I. Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

1

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-57. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**II.    Analysis**

Plaintiff asserts 11 claims against 11 defendants, for alleged misconduct related to a temporary restraining order ("TRO") imposed on him by Placer County, California officials, his arrest for violating that order, investigative conduct incident to that arrest, and his treatment as an inmate of the Placer County Jail. ECF No. 19.

/////

2

While the facts underlying the complaint are somewhat difficult to piece together, it appears that plaintiff was issued a state court temporary restraining order ("TRO"). The TRO was somehow related to a dispute plaintiff appears to have had with Liberty Mutual and adjuster Amber Cruz which the complaint does not describe. Plaintiff alleges that Liberty Mutual obtained the TRO through fraud. *Id.* at 3. Just prior to a hearing regarding the TRO, county sheriff's officers arrested plaintiff at the courthouse entrance for violating the TRO. *Id.* at 5. They searched his car and home. *Id.* at 8, 9. Plaintiff claims that a county official obtained a warrant for those searches through fraud. *Id.* at 12. Officials also allegedly took a DNA sample from plaintiff without his consent. *Id.* at 13. Plaintiff claims that once in jail he faced retaliation and deliberate indifference to needed medical treatment for his cancer-related conditions. *Id.* at 10, 11.

Based on the sparse facts asserted in the complaint, plaintiff's attempt to challenge the TRO, his arrest, and the conduct of county officials in relation to the investigation and his criminal trial appear to be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Specifically, plaintiff alleges in claims 1-4, 6, 7 and 10 that: (1) the TRO issued against plaintiff by a state court was procured through Liberty Mutual's fraud; (2) the TRO violated plaintiff's due process rights; (3) Placer County Sheriff's officers illegally arrested him for violating the TRO; (4) county authorities violated the Fourth Amendment by searching his vehicle without a warrant or his consent after they arrested him; (5) county authorities illegally searched plaintiff's home in El Dorado County; and (6) Placer County Sheriff's officer Timothy Gualco fabricated evidence and testimony to obtain warrants to search plaintiff's car and home. *Id.* at 3-6, 8-9, 12. If plaintiff were to succeed on these claims in this court, that result would necessarily call into question the validity of his conviction (which is, presumably, for violating the TRO). Thus, under *Heck,* before plaintiff may assert the claims in this court, he must demonstrate that the conviction has been reversed, expunged, or invalidated. *Heck*, 512 U.S. at 486-87. Accordingly, claims 1-4, 6, 7 and 10 will be dismissed with leave to amend to allow plaintiff the opportunity to allege that the conviction has been invalidated and the claims may therefore proceed, or that the *Heck* bar is inapplicable for some other reason.

For the limited purposes of § 1915A screening, the court finds that plaintiff has stated potentially cognizable claim that defendant Treddinick violated his constitutional rights by threatening that if plaintiff refused to consent to a search, Treddinick would cut off his access to necessary medication and by cutting off that medication. *Id.* at 10.

The remainder of plaintiff's claims are unrelated to the above claims and thus must be pursued, if at all, in separate lawsuits. Fed. R. Civ. P. 18, 20. The Federal Rules of Civil Procedure allow the joining of all claims against a single defendant (Rule 18(a)) or the joining of claims that arise out of the same transaction or occurrence or share a common question of law or fact (Rule 20(a)(2)). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's remaining claims are that: (1) Jail officer Jane Doe refused plaintiff help when he was suffering an adverse chemotherapy reaction on April 8, 2018 and (2) Sheriff's Officer Turner and unidentified others unlawfully took a DNA sample from plaintiff without a warrant and against his consent. ECF No. 19 at 11, 13. These claims do not share defendants, are not based on the same transaction, and do not share common questions with the claim found potentially cognizable above and thus must be dismissed.

Plaintiff may file an amended complaint to attempt to cure the deficiencies noted above. Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

/////

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

**III.  Order**

1. Plaintiff's complaint alleges, for screening purposes, viable claims that defendant Treddinick violated his constitutional rights when he deprived plaintiff of necessary medication because plaintiff refused to consent to a search.
2. All other claims are dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend his complaint.
3. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claim or file a fourth amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time.
4. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: March 26, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD DYLAN JONES,<br><br>    Plaintiff,<br><br>  v.<br><br>PLACER COUNTY SHERIFF'S OFFICE, et al.,<br><br>    Defendants. | No. 2:19-cv-0342-EFB P<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____ proceed only with claims against defendant Treddinick for depriving plaintiff of necessary medication because plaintiff would not consent to a search;

OR

(2) _____ delay serving any defendant and files a fourth amended complaint.

_____
                                Plaintiff

Dated: