UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD DYLAN JONES,<br><br>  Plaintiff,<br><br>  v.<br><br>PLACER COUNTY SHERIFF'S OFFICE, et al.,<br><br>  Defendants. | No. 2:19-cv-0342-MCE-EFB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The court previously dismissed his complaints with leave to amend because plaintiff had attempted to present his claims in two different filings. ECF No. 12. The court also indicated to plaintiff that he had improperly joined unrelated claims. *Id.* Plaintiff then filed a second amended complaint and a third amended complaint. ECF Nos. 15, 19. The court screened the third amended complaint and concluded that plaintiff had improperly joined claims, asserted claims barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and stated one potentially cognizable claim against defendant Tredinnick. ECF No. 21. The court allowed plaintiff leave to file a fourth amended complaint to attempt to cure the defects identified in the screening order. Plaintiff has filed fourth amended complaint (ECF No. 25), which is before the court for screening under 28 U.S.C. § 1915A.

1

I.   Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-57. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

/////

/////

2

II.     Analysis

    A.  Plaintiff's Allegations

Plaintiff names the following defendants: (1) Devon Bell, Sheriff of Placer County, (2) California Forensic Medical Group, a subcontractor responsible for medical care at the Placer County South Jail ("Jail"), (3) Timothy Gualco, a Placer County Sheriff's deputy, (4) Derek Tredinnick, a Placer County Sheriff's deputy, (5) Andrew Lyssand, a Placer County Sheriff's deputy, (6) Ellis, a Placer County Sheriff's deputy, (7) Ken Addison, a Placer County Sheriff's deputy, (8) Ryan West, a Placer County Sheriff's sergeant, (9) the Placer County Board of Supervisors, (10) the Placer County South Jail, (11) the Placer County Sheriff's Office, (12) Timothy Huff, and (13) Jane Doe, a nurse at the Jail.

Plaintiff alleges that defendants Tredinnick, Gualco, West, and Lyssand arrested him on March 27, 2018. ECF No. 25 at 1, 6. At the time, plaintiff had with him proof of a chemotherapy appointment for the following day and other "doctor's orders" that plaintiff does not describe. *Id.* at 6.

The deputies transported plaintiff to the Jail, where they interviewed him. *Id.* Tredinnick asked plaintiff for the names of his prescribed medications and for consent to perform various searches of plaintiff's property. *Id.* Plaintiff declined to consent and told the deputies to "get a warrant." *Id.*

Before his arrest, plaintiff had been undergoing treatment for cancer, including recent chemotherapy and surgical removal of a tumor. *Id.* At the Jail, Tredinnick came to the holding cell where plaintiff had been placed with bottles of prescriptions for plaintiff's medical needs. *Id.* The medications were all current and were contained in pharmacy bottles with plaintiff's full name. *Id.* at 7. Tredinnick asked plaintiff to sign an authorization so he could get medical information about the prescriptions. *Id.* at 6. Plaintiff was suffering from excruciating pain, but Tredinnick and Gualco told him they would withhold all his medications unless he consented to the search and seizure of his firearms and signed a consent for the Sheriff's Office to speak with his treating physician. *Id.* at 7. Plaintiff responded that "the information was protected under HIPPA [sic] and consent was already signed for the medical staff only and for doctors only." *Id.*

3

Plaintiff would authorize only for doctors to speak with other doctors (presumably for Jail doctors to speak with plaintiff's treating physicians), because he "does not trust cops." *Id.*

Tredinnick then ripped up the doctor's order from plaintiff's physician and poured all of plaintiff's pills into his hand. *Id.* Tredinnick pretended to put the pills into his mouth. *Id.* The pills were not placed in plaintiff's property. *Id.*

Tredinnick "had medical staff state" that the sheriff's office had a policy to deprive detainees of all narcotic pain medications. *Id.* Medical staff could only prescribe Tylenol 3, which was ineffective for plaintiff's pain. *Id.*

At plaintiff's chemotherapy appointment on March 27, 2018, defendant Ellis, on the order of Tredinnick, forced his way into the room without plaintiff's consent while plaintiff was engaged in a "private medical conversation" with his oncologist. *Id.* at 8.

B.  Governing Law

In the screening order of March 26, 2020, the court informed plaintiff that his claims challenging his arrest and the conduct of county officials in relation to the investigation and his criminal trial were likely barred by the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994). The court dismissed the claims with leave to amend to allow plaintiff the opportunity to allege that the conviction had been invalidated and the claims could therefore proceed, or that the *Heck* bar is inapplicable for some other reason. Plaintiff reasserts some of these claims in his fourth amended complaint, but he has not alleged that his conviction has been invalidated or that *Heck* does not apply. ECF No. 25 at 14-21. Accordingly, plaintiff's claims against the Placer County Sheriff's Office, Tredinnick, West, Gualco, Addison, Bell, Lyssand, and Tim Huff, articulated in plaintiff's fourth, fifth, and sixth causes of action (ECF No. 25 at 14-21) must again be dismissed.

Plaintiff's claim against nurse Jane Doe also fails, as plaintiff has alleged no specific facts against her. Instead, plaintiff recites only formulaic elements of an Eighth Amendment cause of action but no facts showing what Jane Doe did that satisfied those elements. Similarly, plaintiff does not state specific facts showing how California Forensic Medical Group deprived him of his constitutional rights. Accordingly, the claims against Jane Doe and California Forensic Medical Group will be dismissed with leave to amend.

Plaintiff has named as defendants various sub-entities of Placer County – the Sheriff's Office, the South Jail, and the Board of Supervisors. These are not separate entities from Placer County itself, and thus the appropriate defendant is the County. *Jay v. Medical Dep't of Fresno County*, No. 1:10-cv-00685-GBC (PC), 2011 U.S. Dist. LEXIS 98478, at *8-10 (E.D. Cal. Aug. 31, 2011) (and cases cited therein); *Brockmeier v. Solano County Sheriff's Dep't*, No. CIV-S-05-2090 MCE EFB PS, 2006 U.S. Dist. LEXIS 84047, at *10-12 (E.D. Cal. Nov. 17, 2006).

Plaintiff alleges that defendant Bell and the County failed to train their officers, employees, and subcontractors in the determination of a detainee's need for chemotherapy after care and treatment. A supervisor is liable under § 1983 for failing to train subordinates when the failure to train amounts to deliberate indifference. *Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998) (citing *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). A plaintiff must allege facts showing that the failure to train resulted from the defendant's deliberate or conscious choice and that a sufficient causal connection exists between the supervisor's wrongful conduct and the alleged constitutional violation. *Canell*, 143 F.3d at 1213; *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991). Plaintiff alleges that he filed grievances, his family contacted the facility, and he provided his existing medical orders, but he does not allege that the County or Bell made a deliberate or conscious choice not to train their employees on how to deal with arrestees undergoing cancer treatment. Accordingly, plaintiff's failure-to-train claims against Bell and the County must be dismissed with leave to amend.

Liberally construed, and for the limited purposes of § 1915A screening only, the court finds that plaintiff has stated potentially cognizable claims that defendants Tredinnick and Gualco violated his Eighth Amendment rights by denying plaintiff his necessary medications. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Liberally construed, and for the limited purposes of § 1915A screening only, the court finds that plaintiff has stated a potentially cognizable claim that the County had a policy and/or custom of denying detainees needed narcotic medication and that this policy or custom caused the violation of plaintiff's Eighth Amendment rights.

5

Liberally construed, and for the limited purposes of § 1915A screening only, the court finds that plaintiff has stated potentially cognizable claims that defendants Tredinnick and Ellis violated his 14th Amendment right to privacy in his medical information. *See Whalen v. Roe*, 429 U.S. 589, 598-99 (1977); *Bell v. Wolfish,* 441 U.S. 520, 556-57 (1979); *Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1269 (9th Cir. 1998).

Plaintiff may file an amended complaint to attempt to cure the deficiencies noted above. Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

III.   Order

1. Plaintiff's complaint alleges, for screening purposes only, potentially cognizable claims that: (1) defendants Gualco and Tredinnick violated his constitutional rights by depriving plaintiff of necessary medication, (2) defendants Tredinnick and Ellis violated his constitutional right to privacy in his medical information; and (3)

6

1 defendant Placer County had a policy and/or custom to deny detainees necessary narcotic medication and this policy or custom caused the violation of plaintiff's constitutional rights.

2. All other claims are dismissed with leave to amend within 30 days from the date of service of this order. Plaintiff is not obligated to amend his complaint.

3. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claims or file a fifth amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time;

4. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: September 28, 2020.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD DYLAN JONES,<br><br>            Plaintiff,<br><br>      v.<br><br>PLACER COUNTY SHERIFF'S OFFICE, et al.,<br><br>            Defendants. | No.  2:19-cv-0342-MCE-EFB P<br><br>NOTICE OF ELECTION |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____    proceed only with claims that: (1) defendants Gualco and Tredinnick violated his constitutional rights by depriving plaintiff of necessary medication, (2) defendants Tredinnick and Ellis violated his constitutional right to privacy in his medical information; and (3) defendant Placer County had a policy and/or custom to deny detainees necessary narcotic medication and this policy or custom caused the violation of plaintiff's constitutional rights.

OR

(2) _____    delay serving any defendant and files a fifth amended complaint.

_____

Plaintiff

Dated: