UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD DYLAN JONES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PLACER COUNTY SHERIFF'S OFFICE, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:19-cv-00342-MCE-JDP (PC)<br><br>ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE AND FAILURE COMPLY WITH COURT ORDERS<br><br>RESPONSE DUE WITHIN TWENTY-ONE DAYS |

     On September 28, 2020, the court informed plaintiff that he could proceed on the fourth amended complaint's viable Eighth and Fourteenth Amendment claims against defendants Gualco and Tredinnick and Eighth Amendment claim against defendant County of Placer. ECF No. 28. All other claims were dismissed with leave to amend. *Id*. at 6-7. Plaintiff was ordered to file, within thirty days, a notice of election advising the court whether he elects to proceed with the viable claims or file an amended complaint. *Id*. at 7-8. Plaintiff failed to comply with that order. Accordingly, on December 4, 2020, plaintiff was ordered to show cause why this action should not be dismissed for failure to prosecute and for failure to comply with court orders.

     In response, plaintiff filed a motion to amend the complaint. ECF No. 31. That motion was granted, the December 4, 2020 order to show cause was discharged, and plaintiff was ordered to file a fifth amended complaint by January 18, 2021. ECF No. 32. That deadline has passed,

and plaintiff has not filed a fifth amended complaint.

To manage its docket effectively, the court imposes deadlines and requires litigants to meet those deadlines. When a plaintiff fails to comply with court-imposed deadlines, the court may dismiss the plaintiff's case for failure to prosecute. *See* Fed. R. Civ. P. 41; *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."). Involuntary dismissal is a harsh penalty, but the court has a duty to administer justice expeditiously and avoid needless burden for the parties. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); Fed. R. Civ. P. 1.

Plaintiff will be given an opportunity to explain why the court should not dismiss his case for failure prosecute and failure to comply with the court's order requiring him to file a fifth amended complaint. Plaintiff's failure to respond to this order will constitute another failure to comply with a court order and will result in a recommendation that this action be dismissed. Accordingly, plaintiff must show cause within twenty-one days of the date of entry of this order why the court should not dismiss his case for failure to prosecute and failure comply with court orders. Should plaintiff wish to continue with this lawsuit, he shall also file, within twenty-one days, a fifth amended complaint.

IT IS SO ORDERED.

Dated:   February 17, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2